UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| XP VEHICLES, INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 13-cv-37 (KBJ) |
| THE UNITED STATES DEPARTMENT OF ENERGY, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

# MEMORANDUM OPINION AND ORDER

On July 14, 2015, this Court dismissed the majority of the claims in this matter but permitted certain Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–06, claims to proceed. Subsequently, Defendants filed a motion for voluntary remand. (*See* Defs.' Mot. for Voluntary Remand ("Defs.' Mot."), ECF No. 44; Defs.' Mem. Supporting Defs.' Mot. ("Defs.' Mem."), ECF No. 44-1.) That motion is now ripe, and it be will **GRANTED** for the reasons explained below.

## I. BACKGROUND

This Court's Memorandum Opinion regarding Defendants' motions to dismiss the complaint (issued July 14, 2015) recounts the factual background of this case in detail. *See generally XP Vehicles, Inc. v. Dep't of Energy*, No. 13-cv-37, 2015 WL 4249167 (D.D.C. July 14, 2015). For present purposes, only the following facts are relevant. In 2009, Plaintiffs XP Vehicles, Inc. ("XPV") and Limnia, Inc. ("Limnia") submitted applications for loan assistance under two United States Department of

Energy ("DOE") programs. Those programs—the Advanced Technology Vehicle Manufacturing ("ATVM") Loan Program and the Section 1703 Loan Guarantee Program ("LG Program")—permit the DOE to offer loans and "direct financial support to the manufacturers of clean energy vehicles and related components." *Id.* at \*1. After the DOE denied Plaintiffs' applications, Plaintiffs sued the DOE, its Secretary in his official capacity, and two former high-level DOE administrators in their individual capacities, claiming that the DOE violated several constitutional provisions and the APA because the denials had been based on impermissible political cronyism rather than impartial review. *See id.*

As mentioned, this Court dismissed the majority of Plaintiffs' claims for a variety of reasons not pertinent here; however, it also concluded that the claims Plaintiff Limnia had brought under the APA stemming from the DOE's allegedly arbitrary and capricious denial of its ATVM and LG Program applications survived the government's motion to dismiss for failure to state a claim. *See id.* at \*25–27. Defendants subsequently filed an answer to Limnia's surviving claims, and then filed the motion for voluntary remand of the case to the agency due to changed circumstances and considerations of judicial efficiency that is before this Court at present. (*See* Defs.' Mem. at 5.)[1] Limnia filed a brief in opposition to Defendants' motion for a voluntary remand, asserting that Defendants failed to admit fault or point to intervening events in support of the remand request, and that remanding the matter to the agency under the circumstances presented here would deprive Limnia of benefits to which it might be entitled if the Court permitted the case to proceed and ultimately ruled in Limnia's

---

[1] Page-number citations to the documents the parties have filed refer to the page numbers that the Court's electronic filing system automatically assigns.

favor. (*See* Pl.'s Mem. in Opp'n to Defs.' Mot. ("Pl.'s Opp'n"), ECF No. 45, at 1.) Defendants filed a reply brief (*see* Defs.' Reply in Supp. of Defs.' Mot. ("Defs.' Reply"), ECF No. 47), and this Court held a hearing on Defendants' ripe remand motion on December 15, 2015.

## II. APPLICABLE LEGAL STANDARDS

When a plaintiff files a complaint challenging agency action, a federal court has the discretion to grant the agency's motion for a voluntary remand of the matter in order to permit the agency to reconsider its decision, even before any judicial consideration of the merits. *See Code v. McHugh*, No. 15-cv-31, 2015 WL 6154381, at *3 (D.D.C. Oct. 19, 2015). Agencies typically seek to justify such remand requests by expressing doubt about the propriety of their initial action—for example, agencies sometimes point to "new evidence [that became] available after an agency's original decision was rendered" or highlight "intervening events outside of the agency's control [that] may affect the validity of an agency's actions." *Carpenters Indus. Council v. Salazar*, 734 F. Supp. 2d 126, 132 (D.D.C. 2010) (internal quotation marks and citations omitted). But it is also well established that, "[e]ven in the absence of new evidence or an intervening event, . . . courts retain the discretion to remand an agency decision when an agency has raised substantial and legitimate concerns in support of remand." *Id.* (internal quotation marks and citation omitted); *see also SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001) (observing that "even if there are no intervening events, the agency may request a remand (without confessing error) in order to reconsider its previous position"); *Code*, 2015 WL 6154381, at *3 (same).

3

Judges in this district have deployed a three-pronged framework to guide the exercise of their discretion in this circumstance; this inquiry asks: (1) whether defendants have "identified substantial and legitimate concerns in support of a voluntary remand," (2) whether voluntary remand "would conserve the Court's and the parties' time and resources," and (3) whether voluntary remand would cause "undue prejudice to [plaintiff.]" *FBME Bank Ltd. v. Lew*, No. 15-cv-1270, 2015 WL 6854416, at *2 (D.D.C. Nov. 6, 2015) (internal quotation marks and citations omitted). These factors lead the court to assess various aspects of the agency's explanation for the remand request and the impact that granting such a request would have on the plaintiff and the judicial process—considerations that go beyond whether or not the defendant "directly confess[es] error[.]" *Id.* at *2; *see, e.g.*, *id.* (finding that remanding to permit the agency to address the potential inadequacies in its notice-and-comment process, among other things, promotes "judicial economy"); *id.* at *4 (rejecting plaintiffs' argument that voluntary remand would prejudice them because it would deprive them of a claimed "entitle[ment] to vacatur" associated with a victory on the merits). Thus, even when an agency refuses to admit fault, cases in this district hold that it is entirely appropriate for the court to grant the agency's voluntary remand request. *See Code*, 2015 WL 6154381, at *3 (citing *SKF USA*, 254 F.3d at 1029).

### III. DISCUSSION

In requesting that this matter be remanded to the DOE for reconsideration, Defendants have not conceded any error, nor have they identified new evidence or other intervening events that bear on the remand inquiry. Instead, Defendants say that a voluntary remand is justified due to changed circumstances and the need to preserve

4

scarce judicial resources.  (*See* Defs.' Mem. at 5 ("[I]n light of the passage of time since the filing of this Complaint, and the fact that Limnia remains free to submit new applications to the agency at any time, Defendants believe that it would constitute a waste of judicial and party resources to litigate the merits of [Limnia's] two remaining claims.").)  Defendants emphasize that it has been six years since Limnia first submitted its application materials for agency review, and that new agency officials are currently ready, willing, and able to perform an unbiased review of Limnia's ATVM and LG applications (which will necessarily include updated information regarding Limnia's technology), and Defendants argue that, indeed, such a result is all that Limnia would be entitled to if it prevailed in the instant action.  Limnia disagrees; in essence, it asserts that an admission of fault or a recognition that the agency's prior determination might have been politically motivated is the price the agency must pay for having the case remanded to it, and, in any event, the agency has not provided (and cannot provide) any assurance that the proposed new application review will be unbiased.  (*See* Pl.'s Opp'n at 3–4.)  Limnia also maintains that returning the case to the agency without judicial review would effectively deprive Limnia of the opportunity to receive a condemnatory statement from the Court regarding the agency's prior review of its applications—a result that, according to Limnia, it would be entitled to as the victor in this action.  (*See id.* at 6–7.)

Boiled to bare essence, it is clear that the parties' dispute with respect to Defendants' motion to remand is over whether Defendants' reasons for requesting remand are substantial and legitimate and whether voluntary remand would prejudice

5

Limnia. All things considered, and for the following reasons, this Court believes Defendants have the better of the argument.

### A. Substantial And Legitimate Reasons Support Voluntary Remand

The DOE has provided several good reasons for requesting that this case be remanded. First among them is the fact that Limnia's technology has likely "advanced" over the past six years (which is, in and of itself, a relevant changed circumstance) and that remanding the case to the agency "will afford Limnia the opportunity to reapply to DOE's loan programs and update its loan applications with any new information about its project." (Defs.' Mem. at 6.) In this regard, it is significant that the DOE "continues to operate the ATVM Loan Program" at present (*id.* at 7), and that the instant motion for remand commits the agency to finishing the initial eligibility phase with respect to any substantially complete application that Limnia submits after remand "within 90 days of receipt of Limnia's submission" (*id.* at 13), compared to the "months, if not years, of th[e] Court's and the parties' time and resources" that would be spent if the Court does not remand the matter—resources that will be consumed by "litigation [that] will continue through summary judgment, decision, and potential appeals" (*id.*). Furthermore, and perhaps most important, Defendants make a convincing argument that the costly and time-consuming litigation pathway and the requested voluntary remand route *both lead to the same result* under the circumstances presented here: that is, if Limnia is victorious at the end of the day with respect to the instant lawsuit, "the Court would remand the case to DOE for its reconsideration of the application[s,]" which is "the same relief that [Limnia] could obtain sooner if voluntary remand were granted." (*Id.*; *see also id.* at 5 ("Defendants believe that it would constitute a waste of judicial and party resources to litigate the merits of the two

remaining claims.").)  It appears that such considerations have factored into the court's analysis in other recent cases decided in this district, *see, e.g.*, *FBME Bank*, 2015 WL 6854416, at *2, and this Court finds them to be significant concerns with respect to the motion for voluntary remand in this case as well.

Undaunted, Limnia insists that voluntary remand is authorized "only" in three circumstances—to wit: when "new evidence becomes available after an agency's original decision was rendered" or "intervening events outside of the agency's control may affect the validity of the agency's actions" or "an agency has raised substantial and legitimate concerns in support of remand" (Pl.'s Opp'n at 2–3 (internal quotation marks and citation omitted))—and it is crystal clear that Limnia believes that, in the absence of new evidence or intervening events, the *only* legitimate basis for voluntary remand is the agency's acknowledgment of past error, or in this case, impermissible favoritism (*see id.* at 4 ("Absent a merits decision or an admission of error and favoritism, the government's arguments should fail and this case should move forward.")).  But there is nothing in this Circuit's precedent that establishes that the agency *must* confess error in order to have the opportunity to revisit its prior determination.  Indeed, as explained above, while it is common for an agency to cast doubt on the challenged act in order to support its request for remand, courts have found remand appropriate where the agency stops short of falling on its sword in this manner.  *See, e.g.*, *Am. Forest Res. Council v. Ashe*, 946 F. Supp. 2d 1, 40 (D.D.C. 2013); *see also Code*, 2015 WL 6154381, at *3 (observing that "voluntary remand may be appropriate where an 'agency requests a remand (without confessing error) in order to reconsider its previous position'" (quoting *SKF USA*, 254 F.3d at 1029)).

This is apparently so because, at bottom, what really matters when an agency requests a voluntary remand of a case in order "to reconsider its previous position" is whether the agency is *genuinely* willing to revisit the challenged determination. *See SKF USA*, 254 F.3d at 1029 (explaining that a voluntary remand request without a confession of error "may be refused if the agency's request is frivolous or in bad faith"). To be sure, an agency can provide such assurance directly—*e.g.*, by admitting that its prior determination was erroneous or by pointing to new evidence or intervening events that could cause the agency to change its mind about its prior course of action— but indicia of the agency's intention to conduct a good-faith 'do over' with respect to its prior determination can come in many forms, which is undoubtedly why granting a remand motion is a discretionary judgment call by the court and also why courts have not required agencies to make any particular showing in order to justify a request for a voluntary remand. Indeed, when an agency asks for a matter to be remanded, far from persisting in an unabated march to the merits, courts have long preferred that agencies be "allow[ed] . . . to cure their own mistakes rather than wasting the courts' and the parties' resources[,]" *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993), and an agency's refusal to admit the error of its (prior) ways poses no obstacle to its reaching the right result when the matter is returned for its review. *See, e.g.*, *FBME Bank*, 2015 WL 6854416, at *2 (observing that, under the circumstances presented, "[t]he Court—and the parties . . . have no way of knowing whether [the agency] will ultimately reach the same result on remand"). Thus, it would seem that unless the agency's request for a voluntary remand without a confession of error is a litigation

8

tactic employed to avoid judicial review and/or that the requested remand would be an exercise in futility, the requested remand should be permitted.

This Court discerns nothing inappropriate about the reasons that the DOE provides for the voluntary remand that is being requested here. As noted, Defendants maintain that considerations of efficiency and the conservation of resources support remanding this matter to permit the DOE to conduct proceedings that will provide Limnia with the unbiased review of its application materials that Limnia claims was not provided when the agency undertook to consider its application in 2009. The agency points out that the reviewing officials whose prior lenses were allegedly tainted by impermissible political cronyism have left the DOE, and this Court sees no obvious reason to believe that the DOE would *not* provide Limnia with a good-faith reconsideration of its renewed and updated application materials, performed "consistent with correct legal standards[,]" *FBME Bank*, 2015 WL 6854416, at *2 (internal quotation marks and citation omitted), notwithstanding the agency's present unwillingness to admit that the prior review was improper. *See CTIA-The Wireless Ass'n v. FCC*, 530 F.3d 984, 989 (D.C. Cir. 2008) (noting that there is a legal presumption that agency officials "discharge their duties in good faith" (citation omitted)). It also makes eminent sense to try to avoid a situation in which these parties could spend considerable time and money litigating the issue of whether or not Limnia's initial loan applications received an unbiased review, when, in any event, Limnia's remedy, if it were successful, would be to require the agency to review the applications again in an unbiased fashion—*i.e.*, precisely what is being offered by the

agency now. Thus, in this Court's view and taken as a whole, Defendants have articulated substantial and legitimate reasons to support the remand request.

### B. A Remand Would Conserve Judicial And Party Resources Without Prejudicing Plaintiffs

It cannot seriously be disputed that the resources of the parties and this Court would be conserved if this matter was remanded to the agency in lieu of starting down the path of litigation on the question of whether impermissible political cronyism was at work when Limnia's loan applications were reviewed nearly six years ago. *See FBME Bank*, 2015 WL 6854416, at *2. Moreover, because voluntary remand will not prejudice Limnia, as explained momentarily, consuming litigation resources on these matters makes even less sense.

On the prejudice question, it must be remembered that Limnia cannot get monetary damages from the agency defendants even if it prevails on the remaining APA claims. *See Emory v. United Air Lines, Inc.*, 720 F.3d 915, 921 (D.C. Cir. 2013). Furthermore, in APA cases, a district court "act[s] as an appellate tribunal[,]" *Flaherty v. Pritzker*, 17 F. Supp. 3d 52, 57 (D.D.C. 2014) (internal quotation marks and citation omitted), and is thus only (with narrow exceptions not argued or relevant here) authorized to "set aside" the challenged agency conduct and remand the matter to the agency, *see* 5 U.S.C. § 706(2), which then decides how best to proceed. *See Bennett v. Donovan*, 703 F.3d 582, 589 (D.C. Cir. 2013) (observing that when a party prevails on a request that a court "set aside an unlawful agency action, . . . it is the prerogative of the agency to decide in the first instance how best to provide relief" (citation omitted)). This means that plaintiffs who bring APA actions are typically requesting that the court nullify the agency's wrongful decision or act, and while a court might make

condemnatory statements in the service of explaining its order setting aside an agency's determination or conduct if the plaintiff is successful, it is the "set aside" order itself that is the plaintiff's remedy, not the Court's explanation of it.

This follows from the well-understood distinction between a district court's *order* entering judgment and the memorandum opinion that provides the court's justification for the order. *See Sea-Land Serv., Inc. v. Dep't of Transp.*, 137 F.3d 640, 647 (D.C. Cir. 1998) ("Appellate courts 'review[] judgments, not statements in opinions[,]'" (quoting *California v. Rooney*, 483 U.S. 307, 311 (1987) (first alteration in original))). If this case proceeded and Limnia won a judgment setting aside the challenged decision, it could not appeal "simply to challenge [this] [C]ourt's reasoning[,]" *id.* (citation omitted), and this reality fatally undermines Limnia's contention that it is prejudiced if it loses the chance to obtain a stern rebuke from this Court in the form of a harsh opinion. Moreover, this Court discerns no difference between the unbiased review of Limnia's loan applications that the Court would order to remedy the established APA violation if Limnia prevailed in this lawsuit, on the one hand, and the review that the agency is offering pursuant to its request for voluntary remand, on the other (*see* Defs.' Mem. at 6 (pledging to "reconsider" Limnia's applications on voluntary remand)), and this is especially so given that, either way, "[i]t is the prerogative of the agency to decide in the first instance how best to provide relief." *Bennett*, 703 F.3d at 589 (citation omitted). Thus, Limnia is mistaken to insist that remanding this case to the DOE to permit the agency to conduct the promised unbiased review of Limnia's loan applications "would short-circuit Limnia's statutory

remedies under the [APA]" (*see* Pl.'s Opp'n at 1) or otherwise "violate[] Limnia's statutory rights" (*id.* at 6).

The Court is also unmoved by Limnia's repeated suggestion that the Court has the statutory authority to fashion a more expansive remedy than a mere set-aside order in certain APA cases and thus that granting voluntary remand here would "curtail or eviscerate Limnia's right to full relief under the APA[.]" (*Id.* at 1.) It appears that Limnia reads the statutes and case law to establish that the Court can go beyond setting aside the agency's decision and remanding the case to the agency when a plaintiff successfully proves that the challenged agency determination was tainted by "inappropriate political interference in discretionary decision-making" (*id.* at 6 (citations omitted)); under these circumstances, Limnia says, the Court can issue a special remand order in which, in addition to setting aside the agency's decision, it *also* "instruct[s] for a determination on the merits by a disinterested decision-maker[,]" (*id.*; *see also id.* at 7 (emphasizing that "when politics infects a decision, the remedy is remand to an *unbiased* appeals board or administrative law judge" (emphasis added)).

There are at least two problems with the argument that a voluntary remand of the instant matter to the DOE would deprive Limnia of this benefit. First, the cases do not support the contention that a prevailing plaintiff in this type of APA case is *entitled* to some sort of special "detailed" order. Of course, it is not surprising that a court that finds that an agency has violated the APA by rendering a politically tainted decision might note, in the course of explaining its remand, that the agency should comply with the APA by "render[ing] a politically untainted decision." *Aera Energy LLC v. Salazar*, 642 F.3d 212, 224 (D.C. Cir. 2011). But, as just noted, the explanation of an order

must be distinguished from the order itself; at any rate, such language simply evinces the application of a broad "follow the law" principle to the unique facts of a case where the deviation from that principle was a politically tainted decision. *See id.* (declining "to stand in the agency's shoes and take over its decision making function" and instead "direct[ing] the agency to use the traditional administrative tools at its disposal to render a politically untainted decision" in a case involving political impropriety).

Second, and largely for the reasons just noted, Limnia fails utterly to explain how it would possibly be prejudiced by the DOE's offer to use the tools at its disposal to conduct such an unbiased review now, voluntarily and of its own accord. It is not at all obvious that receiving a scolding opinion regarding the sins of reviewing officers who have since left the agency (under circumstances in which monetary damages for the alleged past transgressions are not permitted) has any independent value to Limnia, nor would such an opinion necessarily guide the agency's course in the future, as it only involves the unremarkable truism that political pressure may not "shape[], in whole or in part, the judgment of the ultimate agency decisionmaker." *Id.* at 220. And if what Limnia is actually trying to express with its prejudice argument is its concern that a voluntary remand will "prevent[] this [C]ourt from *ensuring* that the Defendants carry out their statutory responsibilities" with respect to any future review of Limnia's materials (Pl.'s Opp'n at 7 (emphasis added)), that problem is easily solved: this Court can—and will—exercise its discretion to remand the matter to the agency while retaining jurisdiction over this matter, in order to ensure that the remand proceedings will be conducted in accordance with the law. *See, e.g.*, *FBME Bank*, 2015 WL 6854416, at *3–4; *see infra* Part III.C.

13

In short, Limnia has not provided any fully formed reason why a voluntary remand of this matter to the DOE would harm it in any way, and this Court perceives none.[2] Therefore, the prejudice factor, too, weighs in favor of voluntary remand.[3]

### C. This Court Will Stay The Instant Matter And Retain Jurisdiction Over It

As noted, district courts have the authority to stay court proceedings and retain jurisdiction over cases even when an agency's request for a voluntary remand is granted. *See FBME Bank*, 2015 WL 6854416, at *4; *Code*, 2015 WL 6154381, at *1, 5. While this is not always done, courts have exercised their discretion to do so when, for example, the court wishes to ensure that a voluntary remand will not, in fact, prejudice the non-movant, *see FBME Bank*, 2015 WL 6854416, at *3–4, or when the interest in an expeditious and compact resolution of the matter is particularly weighty, *cf. Castañeda-Castillo v. Holder*, 638 F.3d 354, 363–64, 367 (1st Cir. 2011) (observing need for an "expeditious and final resolution" of claims that had been "ping-ponging around for over eighteen years").

This Court finds that retaining jurisdiction over Limnia's APA claims is appropriate here in light of the allegations Limnia has made and the agency's

---

[2] To the extent that Limnia maintains that it would be prejudiced because it would not be entitled to attorneys' fees if the case is voluntarily remanded (*see* Pl.'s Opp'n at 7; *see also id.* at 2), this argument is cursory and entirely undeveloped, and it is well established that "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are deemed waived[,]" *Johnson v. Panetta*, 953 F. Supp. 2d 244, 250 (D.D.C. 2013) (citations omitted). Thus, this Court expresses no opinion regarding the merits of Limnia's bald attorneys' fees contention.

[3] Indeed, far from being prejudiced, it is at least conceivable that Limnia will get *more* of a benefit from the Court's grant of the pending motion to remand than it would if this case proceeded through the litigation process, because the DOE has represented that, on remand, it will employ its "best efforts" to complete the first round of determinations associated with Limnia's applications within ninety days of receipt of a complete application (*see* Decl. of Dong Kim, ECF No. 44-2, ¶¶ 2–3), and it is not at all clear that such favorable circumstances would necessarily arise as a result of a court order at the conclusion of a full round of litigation.

14

representations about its intended conduct on remand. Furthermore, as addressed below, this Court intends to exercise its authority to maintain a supervisory role by ordering the parties to provide periodic status reports in this matter.

**IV.    ORDER**

Although Defendants do not admit that the DOE's prior review of Limnia's loan applications was faulty, they have identified "substantial and legitimate" concerns that support voluntary remand—namely, the fact that the parties and this Court would otherwise consume scarce resources to litigate issues regarding the propriety of the agency's prior review of Limnia's loan applications, when, given the change of reviewing officials, the intervention of time, and any updated information that Limnia can provide, a good-faith and unbiased reconsideration of Limnia's application is possible at present, if the case is remanded to the agency. There is nothing in the record that suggests that the DOE's request is a litigation tactic made in bad faith; moreover, it appears that remanding this case to the agency would not prejudice Limnia, whose remedy under the APA is the same unbiased review of Limnia's loan application packages that the government is offering to undertake if the case is remanded.

Therefore, and for all these reasons, it is hereby

**ORDERED** that Defendants' [44] Motion for Voluntary Remand of this matter to the agency is **GRANTED**. The agency shall review Limnia's renewed loan applications, if Limnia chooses to submit any, in accordance with the representations made in its motion. It is

**FURTHER ORDERED** that the instant case will be **STAYED** pending completion of the agency's proceedings on remand, and that the parties shall submit joint status reports to the Court every 90 days from the date of this Order until completion of the remand proceedings.

DATE:  January 15, 2016            *Ketanji Brown Jackson*
                                   KETANJI BROWN JACKSON
                                   United States District Judge